**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | **:** | **CIVIL ACTION NO. 1:20-cv-425** |
| **Plaintiff** | **:** | |
| **v.** | **:** | **(MANNION, D.J.)** |
| **JOHN WETZEL, et al.,** | **:** | **(CARSLON, M.J.)** |
| **Defendants** | **:** | |

## MEMORANDUM

Presently before the court is Magistrate Judge Martin C. Carlson's report and recommendation (hereinafter "report"), which recommends dismissal of Claim 2 of Plaintiff William Victor's complaint. Plaintiff has filed objections to the report. (Doc. 14). For the following reasons, the report will be adopted and the plaintiff's objections will be overruled.

### I. BACKGROUND

At all relevant times, plaintiff was a state prisoner at the Pennsylvania State Correctional Institution ("SCI") – Dallas and then at SCI-Frackville. (Doc. 1, Compl.) On September 17, 2019, a physical altercation occurred between plaintiff and

prison staff at SCI-Dallas. (*Id.* at 5). Plaintiff claims to have suffered serious injuries due to the altercation. (*Id.*) On September 19, 2019, plaintiff was transferred to SCI-Frackville, where he received treatment for the injuries he alleges that he sustained in the altercation. (*Id.* at 6).

Plaintiff filed a three-claim *pro se* civil rights case regarding the altercation and his subsequent medical treatment. The first claims asserts assault and battery, unnecessary use of force, and other related causes of action with regard to the prison staff who allegedly assaulted him. (*Id.* at 5). The second claim is a hybrid cause of action of supervisory liability/failure to protect asserted against prison supervisory officials who had no apparent direct involvement in any of the other matters set forth in the complaint. (*Id.* at 6). The third claim asserts a cause of action for inadequate medical care. (*Id.* at 6-8). Along with the complaint, the plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2).

Judge Carlson performed a preliminary screening of the *pro se* complaint pursuant to 28 U.S.C. §1915A. He concluded that plaintiff had sufficiently pleaded Claim 1 and Claim 3, the excessive force claim and the medical negligence claims. He found, however, that Claim 2 involving supervisory liability was insufficient and should be dismissed. (Doc. 8, Report and Recommendation). The report also conditionally granted the *in forma pauperis* motion. Plaintiff has filed objections to

the report's suggestion that his supervisory liability claim should be dismissed, bringing the case to its present posture.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court reviews *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the magistrate judge's recommendations to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes. *See also Univac Dental Co. v. Dentsply Int'l Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nonetheless, regardless of whether or not timely objections are made to the report, the district court may accept, not accept, or

modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b)(3).

## III. DISCUSSION

The court must conduct a preliminary review of *pro se* complaints brought by plaintiffs seeking to proceed *in forma pauperis*. *See* 28 U.S.C. §1915(e)(2)(B)(ii). Additionally, the law requires that a court conduct a preliminary review where a *pro se* prisoner seeks to recover from government officials. 28 U.S.C. §1915A. The purpose of these screenings is to dismiss cases at an early stage if they are frivolous, malicious or fail to state a claim upon which relief may be granted. Specifically, the law provides:

> **(a) Screening. –** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal. –** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A.

The court, when reviewing a complaint for failure to state a claim pursuant to 1915A or 28 U.S.C. §1915(e)(2)(B), applies the legal standard set forth in Rule

12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

The standard set forth regarding a motion to dismiss under Rule 12(b)(6), requires the court to test the sufficiency of a complaint's allegations. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting *Estate of Bailey by Oare v. Cnty. of York*, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." *Id.* at 234-35. In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. *See Curay-Cramer*

*v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 133 (3d Cir. 2006) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide “a short and plain statement of the claim showing that the pleader is entitled to relief,” a standard which “does not require detailed factual allegations,” but a plaintiff must make “a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level.” *McTernan v. N.Y.C.*, 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The “complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Such “facial plausibility” exists “when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Id.* (citing *Twombly*, 550 U.S. at 556). “[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.” *Phillips*, 515 F.3d at 232 (citation omitted). “Though a complaint ‘does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.’” *DelRio-Mocci v. Connolly Props., Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

Instantly, the report recommends dismissal of Claim 2 of plaintiff's complaint. Claim 2 makes allegations against seven senior correctional officials who had no apparent direct involvement in the altercation at issue or the subsequent medical treatment. (Doc. 1, Compl. at 6). The plaintiff names the following with regard to Claim 2: John Wetzel, the Secretary of Corrections; Shirley Smeal, Deputy Secretary; James Barnacle, Director of Investigations; John Wenerowicz, Regional Deputy Secretary; Superintendent SCI-Dallas Ransom; Deputy Superintendent at SCI-Dallas Aponte and John Doe, unnamed corrections security captain, SCI-Dallas. (Id.)

As noted by the report, Claim 2 can be broken down into two separate causes of action, a supervisory/failure to train, oversee or supervise claim and an Eighth Amendment failure to protect claim. We will discuss each in turn.

**A. Supervisory/Failure to Train, Oversee or Supervise Claims**

The first cause of action in Claim 2 alleges that the defendants are liable based on being supervisors of the individuals who actually took part in the altercation. The report analyzes this issue in two ways, first as direct supervisory liability claim and second as failure to train, oversee or supervise claim. The report concludes that neither is a properly plead cause of action. The court agrees.

**1. Supervisory liability**

The supervisory defendants cannot be held liable simply because they supervised the individual actors. Liability for a constitutional violation is personal in nature and is only imposed where specific allegations of personal direction or actual knowledge and acquiescence in the challenged conduct exist. *Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997). Thus, vicariously liability or *respondeat superior* liability cannot be the basis for liability. *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

Here, the report notes that the plaintiff's complaint does not allege such personal involvement. It is clear that it does not and that dismissal is appropriate with regard to supervisory liability based upon this theory. Plaintiff's objections do not add any more to the facts that would justify not adopting the report on this issue.

**2. Failure to Train, Oversee or Supervise**

The report next concludes that these supervisory defendants cannot be held liable for a failure to train, oversee or supervise. Such liability is only available in the following two limited circumstances: where the supervisors "established and

maintained a policy, practice or custom which directly caused [the] constitutional harm," or where they "participated in violating plaintiff's rights, directed others to violate them or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinate's violations." *A.M. ex rel. JMK v. Luzerne Cnty. Juvenlie Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Here as pointed out in the report, allegations of neither theory of liability is found in plaintiff's complaint. The plaintiff's objections do nothing to remedy or justify the complaint's shortfalls. Therefore, the claim regarding failing to train, oversee or supervise will be dismissed.

**B. Eighth Amendment Failure to Protect Claim**

Next, Judge Carlson, construed Claim 2 of the complaint to include an Eighth Amendment failure to protect claim. The complaint alleges that the supervisory defendants failed to protect the plaintiff by not placing enough surveillance cameras at the prison. Specifically, there was not a surveillance camera in the intake area of the prison where the altercation occurred. (Doc. 1, Compl. at 6).

The law provides that:

> For an inmate to prevail on an Eighth Amendment failure-to-protect claim, two requirements must be met. First, the prisoner must demonstrate "that he is incarcerated under conditions posing a substantial risk of serious harm." [*Famer v. Brannan,* 511 U.S. 825, 834 (1994)]. . . . Second, the prison officials involved must have a sufficiently culpable state of mind. *Id.* at 838 ("[O]ur cases mandate inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment."). Specifically, the inmate must show that the

> official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he or she] must also draw the inference." *Id.*

*Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)

Thus, a plaintiff must plead and prove the following three elements to prevail on a failure to protect claim: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *Id.* (citing *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir.1993)).

The pertinent factor here is deliberate indifference. The United States Supreme Court has indicated that deliberate indifference may only be established where a prison official knew of the risk to prisoner safety. Such knowledge comes where "a substantial risk of inmate attacks was *longstanding, pervasive, well-documented, or expressly noted by prison officials in the past." Farmer*, 511 U.S. at 842 (emphasis added).

Here, as noted by the report, such knowledge is not alleged and thus, plaintiff's Claim 2 must fail. Plaintiff's objections state that the supervisory defendants "knew [and] received complaints of being set upon by McCoy [and] others in Dallas intake due to it being a 'blind' area for Dallas intake. Sgt. McCoy to plan & frequently carry out similar attacks such as that raised herein[.]" (Doc. 14, Pl.'s Objections at 1). In support of this allegation of knowledge plaintiff attaches two exhibits. The exhibits, however, are not sufficient to save plaintiff's

claim. The first is plaintiff's grievance regarding the incident at issue. (*Id.* at 3). The second is a Department of Corrections decision that plaintiff be recorded at all times by a hand-held camera for all movement out of his cell. (*Id.* at 4). Neither of these exhibits, one of which was produced after the altercation at issue, and the other which does not involve security cameras support plaintiff's position. Thus, neither relate to the supervisory defendants' knowledge of a substantial risk to plaintiff in the intake area due to a lack of camera. They certainly do not support a finding that the need for protection was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past. Plaintiff's objections therefore will be overruled, and Claim 2 will be dismissed.

**IV. Conclusion**

Based upon the above reasoning, we will adopt Judge Carlson's report and recommendation and overrule plaintiff's objections. Thus, Claim 2 will be dismissed from plaintiff's complaint. An appropriate order follows.

s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 11, 2020**
20-425-01