IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM VICTOR, | : | Civil No. 1:20-CV-425 |
| Plaintiff, | : | |
| | : | (Judge Mannion) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| LT. MOSS, et al., | : | |
| Defendants. | : | |

# MEMORANDUM OPINION

## I. Statement of Facts and of the Case

This is a civil rights action brought by William Victor, a state inmate. In his complaint Victor, who is proceeding *pro se*, named multiple individual defendants at two facilities, SCI Dallas and SCI Frackville. According to Victor, on September 17, 2019, staff at SCI Dallas violated his rights under the Eighth Amendment to be free from cruel and unusual punishment when they used excessive force and engaged in an "unprovoked attack" upon him. (Doc. 1). Victor then alleges that he was transferred to a nearby prison, SCI Frackville, for medical treatment following his injuries but suffered another violation of his Eighth Amendment right to be free from cruel and unusual punishment when medical staff were deliberately indifferent to his medical needs.

1

In the wake of these incidents, Victor alleged in prison grievances that he had been assaulted by staff, and in accordance with prison policy these assault allegations were referred to the Pennsylvania State Police for investigation. Moreover, consistent with corrections policies, it is reported that all investigative materials and videos depicting this incident are also now in the possession of the State Police. In the meanwhile, Victor has filed this civil action and the parties are now embroiled in discovery disputes relating to this lawsuit, with Victor having filed a motion to compel certain discovery. (Doc. 73).

As we understand it, Victor's motion seeks several forms of relief. First, he requests that we order the defendants to provide him with documentary discovery printed in a one-side format instead of the two-sided copies that have been provided to the plaintiff. In addition, Victor requests color copies of certain photographs depicting his injuries in lieu of the black and white photos produced in discovery. Victor also requests the production of videos relating to this September 17 incident, along with videos of other instances in which he was moved within the prison. In addition, Victor seeks a hearing on spoilation sanctions to the extent that videos of other inmate movements unrelated to the September 17 incident that forms the gravamen of this lawsuit were not preserved. Finally, Victor requests copies of various grievances which he may have filed, including both grievances related to the incidents described in this lawsuit, as well as other unrelated grievances.

The defendants have responded to this motion by explaining that much of what Victor seeks is currently in the possession of the State Police and unavailable at this time. The defendants have also objected to a number of Victor's specific requests, particularly as they relate to the format and scope of the requested discovery.

This motion is fully briefed and is, therefore, ripe for resolution. For the reasons set forth below, the motion will be GRANTED in part, DENIED in part, and discovery proceedings will be STAYED pending completion of the parallel state criminal investigation.

## II. Discussion

### A. Guiding Principles

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, the scope of what type of discovery may be compelled is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be

3

discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding motions to compel are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic

4

>   Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also
>   Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45
>   (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under
>   abuse of discretion standard rather than *de novo* standard); EEOC v.
>   Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a
>   magistrate judge's resolution of discovery disputes deserves substantial
>   deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Therefore, valid claims of relevance, privilege, and proportionality cabin and restrict the court's discretion in ruling on discovery issues. A party seeking discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

One other immutable rule defines the court's discretion when ruling on

discovery matters. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D. Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D. Pa. April 9, 2009).

Further in a case such as this where the inmate's civil litigation pertains to matters that are under investigation criminally other considerations come into play. As part of the district court's power to control the disposition of civil matters that come before it, the court has the power to stay proceedings when judicial economy or other interests may require. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 136 (3d Cir. 2004); Barker v. Kane, 149 F. Supp. 3d 521, 525 & n.42 (M.D. Pa. 2016). Although a decision to grant a stay is an extraordinary measure that should not be taken as a matter of course, the decision to impose a stay is committed to the discretion of the district court. Barker, 149 F. Supp. 3d at 525 (citing In re Adelphia Commcn's Secs. Litig., No. 02-1781, 2003 WL 22358819, at *2 (E.D. Pa. May 13, 2003); see also Landis, 299 U.S. at 254-56. When determining whether to stay a civil case pending resolution of a related criminal proceeding, courts consider the following factors:

(1) the extent to which the issues in the civil and criminal cases overlap;
(2) the status of the criminal proceedings, including whether any

defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.

Barker, 149 F. Supp. 3d at 525-26 (citations omitted).

### B. The Motion to Compel is Granted in part Denied in Part, and Discovery is Stayed Pending Completion of the Parallel Criminal Investigation.

Applying these general principles in the instant case, at the outset we note that in a number of instances the defendants have responded to specific discovery requests propounded by Victor by stating that the requested investigative materials and videos are in the possession of the State Police, which is conducting a parallel criminal investigation into the matters alleged by the plaintiff. To the extent that Victor seeks these materials, we conclude that further discovery of these matters should be stayed pending completion of the related criminal proceedings.

In reaching this conclusion, we begin with the premise that "[t]he degree of overlap between pending civil and criminal cases is considered by many courts to be 'the most important threshold issue' in determining whether or not to stay the civil action." Garanin v. City of Scranton-Dep't of Licensing, Inspections & Permits, No. 3:14-CV-2129, 2018 WL 8514053, at *2 (M.D. Pa. Apr. 20, 2018). Here, the pending criminal investigation directly arises out of Victor's allegations that form the basis for his civil lawsuit. Therefore, the overlap between these two proceedings is significant and substantial. Further, delaying discovery briefly pending resolution of
7

this criminal inquiry in our view advances the public's interest and the interests of the court by ensuring that these two matters do not interfere with one another and promoting transparency by allowing the criminal inquiry to run its course before indulging in civil discovery. Choosing this path also avoids imposing impossible burdens upon the defense, which cannot readily product materials that it has turned over to law enforcement for their review. As for weighing the plaintiff's interests in expeditious civil proceedings against the prejudice to the plaintiff caused by the delay, while we appreciate that a stay will delay discovery for Victor in this case, the delay is a product of the gravity of Victor's allegations that assert criminal conduct by correctional staff. Given Victor's assertions that crimes have occurred here, we believe that the plaintiff cannot be heard to complain if civil discovery is briefly delayed while his allegations of criminal misconduct are investigated. Therefore, in our view the discretionary factors we must consider weigh in favor of staying discovery as it relates to information that has been turned over to the State Police in connection with its criminal investigation of this alleged assault.

As for Victor's complaints regarding the two-sided copies of the documents he received and his demand for color copies of the black-and-white photos produced by the defense, we agree that the Federal Rules of Civil Procedure simply require the production of this information "in a reasonably usable form." Fed. R. Civ. P. 34(b)(1)(E)(ii). For discovery purposes, we find that the format used by the defense

to produce these documents and photos is adequate. We also note that the defendants stand ready to produce these materials in the format requested by Victor, provided Victor agree to pay the costs of copying these materials. Finally, with respect to the photographs depicting Victor's injuries, while we agree that black and white photos are sufficient for discovery purposes, to the extent that color photos exist they must be preserved and made available for use by the plaintiff should this case proceed to trial.

Turning next to the parties' dispute regarding production of inmate grievances filed by Victor, as we understand it the gravamen of this dispute is the temporal and topical scope of this document production. The defendants are prepared to produce copies of grievances relating to the matters set forth in Victor's complaint, but object to what they understand to be a demand for all grievances filed by Victor over a period of time, including unrelated grievances concerning other matters. While we agree that Victor is entitled to copies of grievance paperwork relating to the matters set forth in his complaint, to the extent that Victor is making more sweeping, generalized and overly broad discovery requests for unrelated grievances, absent a more compelling offer of proof and consistent with settled case law this request will be denied.[1]

---

[1] See, e.g., Montanez v. Tritt, Civ. No. 3:14-CV-1362, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016) (denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to

Victor's final request in this motion to compel relates to alleged spoliation of inmate transport videos. As we understand it, the issue is framed in the following fashion: At the time of the events described in the complaint, prison staff were under instructions to videotape any inmate transfers involving Victor. The September 17 inmate movement in which Victor alleges he was assaulted was video recorded, but Victor has also requested copies of other videos of inmate movements unrelated to

---

be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues") (Mariani, J.); Lofton v. Wetzel, Civ. No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 9, 2015) (Conner, C.J.) ("It is apparent that [the plaintiff's] requests for 'any and all' records of inspection, and 'all' incident reports and grievances are a grossly overstated fishing expedition. [His] request for incident reports and grievances regarding other inmates raises obvious privacy and security issues, and the relevance of such information is questionable at best"); Sloan v. Murray, No. 3:11-CV-994, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (Caputo, J.) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another); Torres v. Clark, Civ. No. 1:10-CV-1323, 2011 WL 4898168, at *2-3 (M.D. Pa. Oct. 13, 2011) (Caldwell, J.) (denying motion to compel inmate request for discovery of 27-months of grievances about a specific cell block, finding it to be overly broad, burdensome, and potentially implicating privacy interests of other inmates); McDowell v. Litz, Civ. No. 1:CV-08-1453, 2009 WL 2058712, at *3 (M.D. Pa. July 10, 2009) (Rambo, J.) (finding requests for discovery of grievances filed by non-party inmates to be "overbroad and overly burdensome" and agreeing with the defendants' "concerns about accessing private information with respect to other inmates' grievances"); Callaham v. Mataloni, Civ. No. 4:CV-06-1109, 2009 WL 1363368, at *3-4 (M.D. Pa. May 14, 2009) (Jones, J.) (denying motion to compel, inter alia, grievances relating to medical treatment of other inmates, citing privacy concerns); cf. Banks v. Beard, Civ. No. 3:CV-10-1480, 2013 WL 3773837, at *5 (M.D. Pa. July 17, 2013) (Munley, J.) (denying motion to compel account statements for other inmates despite plaintiff's claim of relevance).

the September 17 incident that forms the gravamen of this lawsuit, which he claims were not preserved. Indeed, it appears that Victor seeks videos reaching back more than two months prior to this episode, in July of 2019. According to the defendants, when there is nothing remarkable about an inmate movement, the videotape of that movement is not retained, and a search has disclosed that copies of these other transfers, which are unrelated to the September 17 movement, are no longer in the possession of the Department of Corrections. Notably, these other videos, which would date from July 2019 to the date of the alleged assaulted on September 17, 2019, are not alleged to have involved any assaultive violence. Therefore, the relevance of these other tapes, which apparently no longer exist, is unclear. Nonetheless, citing the failure to preserve these other videos, Victor seeks a hearing regarding spoliation sanctions.

In making this request, however, the plaintiff must be mindful of the precise and exacting standards that govern spoliation claims. "Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; *there has been actual suppression or withholding of evidence*; and, the duty to preserve the evidence was reasonably foreseeable to the party." Bull v. United Parcel Serv., Inc., 665 F.3d 68, 73 (3d Cir. 2012) (emphasis added). On this score,

> In assessing a spoliation claim: "[R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression

11

> or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable."

Victor v. Lawler, No. 3:08-CV-1374, 2011 WL 1884616, at *2–3 (M.D. Pa. May 18, 2011), on reconsideration, No. 3:08-CV-1374, 2011 WL 4753527 (M.D. Pa. Oct. 7, 2011).

In practice, spoliation litigation rarely turns on issues relating to the first two aspects of this four-part test. In most instances, it is self-evident that: "[1] the evidence was in the party's control; [and] [2] the evidence is relevant to the claims or defenses in the case." Bull, 665 F.3d at 73. Rather, the critical issues in assessing whether spoliation inferences are proper typically revolve around the latter two aspects of this four-part test; namely, whether: "[3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party." Id.

Turning first to the duty to preserve, the applicable benchmark in this regard is whether that duty was "reasonably foreseeable to the party." Id. "[T]he question of reasonable foreseeability is a 'flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry.'" Bull, 665 F.3d at 77-78 (quoting Micron Technology, Inc. v. Rambus, Inc., 645 F.3d 1311, 1320 (Fed. Cir. 2011)). Thus, a party that reasonably anticipates litigation has an affirmative duty to preserve relevant

evidence. Baliotis v. McNeil, 870 F.Supp. 1285, 1290 (M.D. Pa. 1994). As one court has observed in this regard:

> Whether a duty to preserve evidence is reasonably foreseeable is evaluated objectively. Bull, 665 F.3d at 78. "[T]he question of reasonable foreseeability is a 'flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry.' " Id. at 77–78 (internal quotation omitted). "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Mosaid, 348 F.Supp.2d at 336 (internal quotation omitted).

Bozic v. City of Washington, Pa., 912 F. Supp. 2d 257, 267 (W.D. Pa. 2012). This foreseeability requirement is expressly incorporated into Rule 37 of the Federal Rules of Civil Procedure, which provides that a spoliation inference is only warranted "[i]f electronically stored information *that should have been preserved in the anticipation or conduct of litigation* is lost because a party failed to take reasonable steps to preserve it." Fed. R. Civ. P. 37(e) (emphasis added).

However, a finding that a party had a duty to preserve evidence that was lost will not, by itself, warrant a finding of spoliation. The party seeking a spoliation finding must also prove a culpable state of mind. In this respect:

> For the [spoliation] rule to apply ... it must appear that there has been an actual suppression or withholding of the evidence. *No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for.* See generally 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d Evidence § 177 ("Such a presumption or inference arises, however, only when the spoliation or

13

destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent."). Brewer, 72 F.3d at 334 (emphasis added). Therefore, a finding of bad faith is pivotal to a spoliation determination. This only makes sense, since spoliation of documents that are merely withheld, but not destroyed, requires evidence that the documents are actually withheld, rather than—for instance— misplaced. *Withholding requires intent*.

Bull, 665 F.3d at 79 (emphasis added and in original).

Judged against these settled legal benchmarks, we find at this time that Victor simply has not made out a sufficient threshold showing to justify a spoliation hearing. In particular, we find that there was no foreseeable need to preserve videos of inmate transports relating to Victor that took place prior to the episode alleged in his complaint and occurred without incident. In the absence of a foreseeable need to preserve these videos of what were apparently unremarkable interactions between Victor and staff, we cannot draw any inference of intentional withholding of evidence from the fact that more than a year after these events, prison officials are unable to locate recordings which they had no foreseeable need to preserve. Therefore, this request will be denied.

An appropriate order follows.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

June 4, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | Civil No. 1:20-CV-425 |
| Plaintiff, | : | |
| v. | : | **(Judge Mannion)** |
| | : | **(Magistrate Judge Carlson)** |
| **LT. MOSS, et al.,** | : | |
| Defendants. | : | |

## **ORDER**

AND NOW this 4th day of June, 2021, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED THAT the plaintiff's motion to compel (Doc. 73) is GRANTED in part, DENIED in part, and discovery proceedings will be STAYED pending completion of the parallel state criminal investigation, as follows:

1. The plaintiff's request for a spoliation hearing is DENIED.

2. The plaintiff's request for inmate grievances relating to the matters set forth in the complaint is GRANTED, but the plaintiff's request for other temporally and topically unrelated grievances is DENIED.

3. The plaintiff's request for production of documents in a one-sided format and color photos is DENIED, but IT IS ORDERED THAT the defendants stand ready to produce these materials in the format requested by Victor, provided Victor agree to pay the costs of copying these materials and, with

respect to the photographs depicting Victor's injuries, the extent that color photos exist they must be preserved and made available for use by the plaintiff should this case proceed to trial.

4. Discovery as it relates to information that has been turned over to the State Police in connection with its criminal investigation of this alleged assault is STAYED pending the completion of that investigation. The defendants shall file a status report updating the court on the status of this investigation on or before **September 3, 2021**.

*s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge