IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | **Civil No. 1:20-CV-425** |
| **Plaintiff,** | : | |
| | : | **(Judge Mannion)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LT. MOSS, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

**I.    Statement of Facts and of the Case**

This is a civil rights action brought by William Victor, a state inmate. In his complaint Victor, who is proceeding *pro se*, named multiple individual defendants at two facilities, SCI Dallas and SCI Frackville. According to Victor, on September 17, 2019, staff at SCI Dallas violated his rights under the Eighth Amendment to be free from cruel and unusual punishment when they used excessive force and engaged in an "unprovoked attack" upon him. (Doc. 1). Victor then alleges that he was transferred to a nearby prison, SCI Frackville, for medical treatment following his injuries but suffered another violation of his Eighth Amendment right to be free from cruel and unusual punishment when medical staff were deliberately indifferent to his medical needs.

1

This case now comes before us for consideration of a fourth motion to compel discovery filed by Victor. (Doc. 96). In this motion, Victor avers that at the time of his physical confrontation with correctional staff photographs were taken of this bloodied face. According to Victor, staff then cleaned his wounds and took additional photographs of his face. Victor alleges that in discovery, only those later pictures depicting his face after his wounds had been cleaned have been produced. He, therefore, demands the production of the original photographs which showed his bloodied features. (Id.)

The defendants have responded by acknowledging that the video of this encounter, which has been made available to Victor, shows that he was initially photographed before his wounds were cleaned, and then was later photographed after those wounds had been addressed. According to the defendants, however, a diligent search has revealed that the initial photographs depicting Victor's bloodied face cannot be found. Since the defendants attest that, while the evidence sought by Victor once existed it can no longer be located, they request that the motion to compel be denied. (Doc. 100).

We cannot compel the production of something that no longer exists. Therefore, the motion to compel will be denied. However, the circumstances surrounding the disappearance of these photographs may give rise to a spoliation inference since relevant evidence that once existed in the exclusive possession of the

defendants admittedly cannot be located. Therefore, this motion to compel is denied without prejudice to Victor filing a motion seeking spoliation sanctions in this case.

## II. Discussion

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, the scope of what type of discovery may be compelled is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding motions to compel are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the

Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than *de novo* standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "any nonprivileged matter that is relevant to any party's claim

or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Therefore, valid claims of relevance, privilege, and proportionality cabin and restrict the court's discretion in ruling on discovery issues. A party seeking discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

    One other immutable rule defines the court's discretion when ruling on discovery matters. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D. Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D. Pa. April 9, 2009).

    In this case, the defendants acknowledge that it appears from the video of this altercation that a photograph was taken of Victor's bloodied features but attest that

they can no longer locate this photograph. Since "this court cannot compel the production of things that do not exist," in light of this attestation we are constrained to deny Victor's motion to compel. See Williams v. Wetzel, No. 1:17-CV-79, 2019 WL 1206061, at *4 (M.D. Pa. Mar. 14, 2019).

However, we are also obliged to note that the circumstances surrounding the loss of this evidence may potentially give rise to a spoliation inference. "Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." Bull v. United Parcel Serv., Inc., 665 F.3d 68, 73 (3d Cir. 2012). On this score, as we have previously noted during the litigation of a prior case involving Victor in which it was also alleged that video evidence was lost:

> In assessing a spoliation claim: "[R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable."

Victor v. Lawler, No. 3:08-CV-1374, 2011 WL 1884616, at *2–3 (M.D. Pa. May 18, 2011), on reconsideration, No. 3:08-CV-1374, 2011 WL 4753527 (M.D. Pa. Oct. 7, 2011).

While we make no final judgments regarding these potential spoliation issues,

in the instant case with respect to this lost photograph it appears from the defendants' own filing that: "[1] the evidence was in the party's control; [and] [2] the evidence is relevant to the claims or defenses in the case." Bull, 665 F.3d at 73. Therefore, the critical issues in assessing whether spoliation inferences are proper here would likely revolve around the latter two aspects of this four-part test; namely, whether: "[3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party." Id.

These matters are not yet before the court. Accordingly, we make no determinations on these questions beyond observing that the facts alleged by Victor and acknowledged by the defendants are sufficient to permit Victor the opportunity to litigate any spoliation claim that he may deem appropriate. Therefore, the motion to compel is denied without prejudice to Victor filing a motion seeking spoliation sanctions in this case.

An appropriate order follows.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

November 24, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | Civil No. 1:20-CV-425 |
| **Plaintiff,** | : | |
| | : | **(Judge Mannion)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LT. MOSS, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW this 24th day of November, 2021, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED THAT the plaintiff's motion to compel (Doc. 96) is DENIED without prejudice to Victor filing a motion seeking spoliation sanctions in this case.

<u>s/ Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge
