IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | Civil No. 1:20-CV-425 |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Mannion)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LT. MOSS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

**I.    Statement of Facts and of the Case**

This is a civil rights action brought by William Victor, a state inmate. In his complaint Victor, who is proceeding *pro se*, named multiple individual defendants at two facilities, SCI Dallas and SCI Frackville. According to Victor, on September 17, 2019, staff at SCI Dallas violated his rights under the Eighth Amendment to be free from cruel and unusual punishment when they used excessive force and engaged in an "unprovoked attack" upon him. (Doc. 1). Victor then alleges that he was transferred to a nearby prison, SCI Frackville, for medical treatment following his injuries, but suffered another violation of his Eighth Amendment right to be free from cruel and unusual punishment when medical staff were deliberately indifferent to his medical needs.

This case now comes before us for consideration of a third motion to compel discovery filed by Victor. (Doc. 93). In this motion, Victor seeks access to videos depicting his encounter with correctional officials. Victor also asks for an *in camera* review of certain redactions made from records of the investigation into this incident. (Id.) The defendants have responded by reporting that the video of this encounter is, and has been made available, to Victor. As for the redactions from investigative records, the defendants report that most redactions consist of birth dates and employee numbers of prison staff. Three pages of redactions, however, described as Victor_0064,0072-73, were made based upon a relevance determination by the defense. (Doc. 95-2).

Given this response, as discussed below, we deem Victor's request for access to be largely moot, but will direct that the video be made available to Victor in accordance with the procedures prescribed by the institution. As for an *in camera* review of the redactions made by the defense, we will decline the invitation to review those redactions which consist solely of employee birth dates and employee numbers, but will order the defendants to produce redacted and unredacted copies of Victor_0064,0072-73 for our *in camera* review.

**II.   Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, the scope of what type of discovery may be compelled is

defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding motions to compel are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than *de novo* standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Therefore, valid claims of relevance, privilege, and proportionality cabin and restrict the court's discretion in ruling on discovery issues. A party seeking discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial

4

burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

Applying these principles, we turn to the two discovery disputes embodied in this motion to compel. The first issue requires only brief consideration. In his motion, Victor alleges that he has been denied access to videos of the encounter that forms the basis of this lawsuit. This video is relevant, and Victor is entitled to view the video. While it appears that there was some initial confusion regarding the procedures Victor needed to follow when viewing the video, that issue has apparently been resolved and Victor has seen the video. Therefore, while we regard Victor's request for access to largely be moot, we will direct that the video be made available to Victor in accordance with the procedures prescribed by the institution.

Victor also requests an *in camera* review of certain redactions made from investigative reports concerning this episode. According to the defendants, these redactions consist largely of birth dates and employee numbers of prison staff. However, three pages of redactions, Victor_0064,0072-73, were made based upon a relevance determination by the defense. (Doc. 95-2).

Prison officials doubtless have a legitimate interest in redacting irrelevant, but potentially sensitive, information from records produced in discovery to inmates. Likewise, inmate-litigants have a right to receive relevant evidence relating to their cases. When striking this balance between these competing interests courts have, in the past, reconciled the needs of civil rights litigants for information regarding facts developed by agency officials, with the Government's need to protect its deliberative processes, by conducting an *in camera* review of those records which may be relevant to narrowly tailored discovery demands. Torres v. Harris, No. 4:17-CV-1977, 2019 WL 265804, at *5 (M.D. Pa. Jan. 18, 2019); Paluch v. Dawson, No. 06–175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008).

This is the course we will follow in the instant case. While we do not deem it necessary to review those redactions which consist solely of staff birth dates and employee numbers, acting out of an abundance of caution, and in order to ensure transparency in discovery, the defendants shall produce for *in camera* inspection by the court redacted and unredacted copies of Victor_0064,0072-73.

An appropriate order follows.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

December 7, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | Civil No. 1:20-CV-425 |
| Plaintiff, | : | |
| | : | (Judge Mannion) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **LT. MOSS, et al.,** | : | |
| Defendants. | : | |

# ORDER

AND NOW this 7th day of December, 2021, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED THAT the plaintiff's motion to compel (Doc. 93) is GRANTED in part and DENIED in part, as follows: First, on or before **December 21, 2021**, the defendants shall produce for *in camera* inspection by the court redacted and unredacted copies of Victor_0064,0072-73. Second, while we regard Victor's request for access to videos to largely be moot, we will direct that the video be made available to Victor in accordance with the procedures prescribed by the prison. In all other respects the motion is DENIED.

*s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
